**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM RAY PRATT,

      Petitioner - Appellant,

v.

MARTY SIRMONS,

      Respondent - Appellee.

No. 06-6351
(D.C. No. CIV-04-1070-F)
(W.D. Okla.)

**ORDER**

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant William Ray Pratt seeks a certificate of appealability ("COA"), see 28 U.S.C. § 2253(c), that would permit him to appeal the district court's denial of his habeas petition asserted under 28 U.S.C. § 2254.[1]  Through his habeas petition, Pratt challenged his five Oklahoma convictions for first degree rape by instrumentation and one conviction for child sexual abuse, all committed after former conviction of a felony, as well as the forty-five-year sentences imposed for each conviction to run consecutively.  In this § 2254 proceeding, Pratt asserts a number of grounds for relief, arguing: the trial court

---

[1]The district court granted Pratt's motion to proceed on appeal in forma pauperis.  See 28 U.S.C. § 1915(a).

erred in admitting, and defense counsel was ineffective for failing to object to, evidence of other crimes involving Pratt's sexually abusing two other girls several years earlier; the cumulative effect of several improper prosecutorial comments and other trial errors deprived Pratt of a fundamentally fair trial; his trial attorney was ineffective for failing to file a speedy trial motion, failing to assist Pratt in his defense, failing to obtain full discovery from the State, failing to assist Pratt with motions he was filing pro se, failing to request that Pratt's sentences run concurrently, and failing to investigate and present additional evidence in Pratt's defense; and the trial court abused its discretion in denying Pratt the opportunity to make a record before the jury of the witnesses and evidence Pratt wanted defense counsel to present in his defense.

Pratt will be entitled to a COA if he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pratt can make such a showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted). However, for substantially the reasons stated in the magistrate judge's report and recommendation, adopted by the district court, we conclude Pratt has failed to make this showing. We, therefore, DENY his motion for a COA and DISMISS this appeal. In light of that, Pratt's motions for abeyance and rehearing en banc

of his request for oral argument and appointment of counsel are DENIED as moot.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge